## GUSTAVE KOCH
### v.
### MARY HEIDEMAN.

1. SLANDER.—Case for slander where the words charged, without col-
loquium or allegation of special damages, were in German, and spoken of a
married woman translated, "She has been lying on the lounge with a male
boarder." *Held*, that the words are not actionable *per se* at common law;
that they do not, under R. S. Ch. 126, § 1, "amount" to a charge of forni-
fication or adultery.

2. INSTRUCTION.—The instruction given in this case is erroneous; for un-
less the words of their own force or by reason of special circumstances proved.
amounted to a charge of adultery, appellant is not liable, no matter how
great the public disgrace into which appellee may have been brought by
them.

APPEAL from the City Court of Elgin; the Hon. C. W. UP-
TON, Judge, presiding. Opinion filed May 23, 1885.

Mr. James Coleman, for appellant; cited Patterson v. Edwards, 2 Gilm. 720.

Messrs. Joslyn & Joslyn, for appellees; cited Elam v. Badger, 23 Ill. 498.

Pleasants, P. J.  Case for slander, brought by appellee against appellant.  The words charged, without colloquium or allegation of special damages, are in the German language these: "*Sie hat mit dem Kostganger auf der Launsches gelegen,*" which are averred to be when translated into English: "She has been laying on the lounge with a male boarder"—inuendo, that she had been guilty of adultery—and were understood by the hearers.  Upon issue joined on a plea of not guilty there was a trial by jury and a verdict for plaintiff for $500.  Motions by defendant in arrest of judgment and for a new trial having been successively overruled and judgment upon the verdict entered, he took an appeal.

The evidence shows that appellee was a married woman whose husband kept a boarding house, in the common sitting room of which was a small and narrow lounge; that she was a member of St. Paul's German Church of Elgin, of which appellant was the minister; that on Sunday, the 26th of March, 1882, after the usual services, the words charged were read by him to the assembled congregation from a manuscript setting forth the reasons for tendering his resignation, for many of which he said she was responsible; that among these was her insistance upon his investigating divers derogatory statements she reported as having been made respecting members of the church, but which he declined to do for the reasons read that they were idle rumors, not generally known nor worthy of attention, and for the further reason that if he should undertake to investigate them he must include a like rumor he had heard about her, which was that "*Sie hat mit dem Kostganger auf der Launsches gelegen.*"

All the witnesses agree that these were the words spoken; that their correct translation is "She was laying (lying) on the lounge with a boarder," and that the word "*Kostganger,*"

translated "boarder," is of the masculine gender. They further agree in saying he did not charge her with adultery— that the words do not import that she had sexual intercourse with the boarder; but neither of them stated nor was either asked what, if anything more than is conveyed by the translation given, they do amount to in their common acceptation, nor how they were understood, except perhaps her husband, who swore " he did not say she was a bad woman, did not say she committed adultery, did not say she was a lewd woman; he said she was on the lounge with a man boarder," and then added, " that means she was bad, don't it ?"

The words charged are not *per se* actionable at common law, and since no special damage is alleged or proved, this suit could be maintained, if at all, only under the provisions of the statute which declares that " if any person shall falsely use, utter or publish words which in their common acceptation shall amount to charge any person with having been guilty of fornication or adultery, such words so spoken shall be deemed actionable, and he shall be deemed guilty of slander." R. S. 1874, Ch. 126, Sec. 1.

Where the words complained of are of themselves clearly within the statute of course no evidence in chief is required to prove their meaning. Where they may be within it, but yet are capable as well of bearing an innocent construction, the circumstances relied on to fix the meaning charged should be averred in a colloquium and shown by the proof; and in such case, under the general issue, it is for the jury to determine from the evidence the sense in which they were used and understood. After a verdict for the plaintiff, where that question has been submitted, it will be presumed that they found it to be the one charged. But whether such finding is supported by the evidence is a question for the court upon a motion for a new trial as in other cases; and where the record shows, notwithstanding such finding, that they are not within the statute, advantage may be taken of it, as appellant sought and seeks to do here—by motion in arrest of judgment, or by appeal or writ of error. 2 Green. on Ev., Sec. 411 and notes; Heard on Libe and Slander, Ch. XVII, Sec.

157, *et seq.;* Shattuck v. Allen, 4 Gray, 546; Goodrich v. Davis, 1 Mass. 473.

The first question, then, is whether the words here complained of are of themselves within the statute.

As has been seen, it embraces only such as "amount to" charge fornication or adultery. If they fall short of this they are not within its terms, and no reason is perceived for holding that its spirit is more comprehensive.

It is not essential, however, that they should charge it directly. *Prima facie* it is enough that they import some other act, fact or circumstance which with reasonable certainty implies it. Thus, to say of an unmarried woman that she has given birth to a child "amounts" or comes fully up to a charge of fornication; for it necessarily implies sexual intercourse, and though it may have been against her will, that is a possibility too remote to be considered. The inference of her consent would be well nigh universal and reasonably certain.

But it is not enough that they import only a fact which, though competent and weighty as evidence tending to prove adultery or fornication, does not thus certainly imply it. They must "amount," in their common acceptation, to another way of stating that the person spoken of has actually committed it, so as to require a good plea of justification to aver it directly. If not, a plea averring the truth of the fact, as broadly as the words of themselves import it, would be good; for the innuendo can not enlarge the real meaning. And thus, to a declaration charging the imputation of adultery, we might have a good plea of justification maintained consistently with full proof that adultery had not been committed.

Here the words complained of are proper German words, well understood by all who understand the German language, and it does not appear that in their common acceptation they import anything more than is signified to an English speaking hearer by the translation given. They do not amount to a direct charge of adultery. To say of appellee, a married woman, that "she lay with a man boarder," perhaps, would amount to it, but that "she was lying on the lounge with a

man boarder" clearly does not. The verbal difference may be slight, but in common use and understanding a clear distinction is recognized. The latter import only a fact which, though very discreditable to appellee, may be quite distinct from an act of adultery and does not "necessarily," as the Supreme Court say in Edwards v. Patterson, 2 Gilm. 723–4, or with reasonable certainty imply it—a fact which admits of proof to the full extent stated in entire consistence with further proof that adultery was not committed in any connection with it, as cause, concomitant or sequence. The statement of it, therefore, can not of itself amount to a charge of adultery, and since nothing further is averred or shown to give it a broader or different meaning in this case, the judgment should have been arrested. And if, though not of themselves bearing the meaning imputed by the innendo, they were under any circumstance capable of it, and the jury found that in this case they did, their finding should have been set aside as wholly unsupported by evidence.

But it is far from being clear that they did so find, since they were instructed, as asked by appellee, "that if they believed from the evidence that the defendant spoke the language charged in the declaration, yet, (then) although they may believe from the evidence that the defendant gave the author of such language, or stated that he had heard it spoken, he is liable if the jury believe that such language brought the plaintiff into public disgrace."

Unless the words, of their own force or by reason of special circumstances proved, amounted to charge her with adultery, he was not liable, under this declaration, however great the public disgrace into which she may have been brought by them. This instruction was therefore erroneous.

For the errors above indicated the judgment will be reversed and the cause remanded.

Reversed and remanded.